```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------X
MARC HENIG,

                 Plaintiff,              MEMORANDUM AND ORDER
                                         09-CV-5649(JS)(WDW)
         -against-

TOWN OF BABYLON,

                 Defendant.
----------------------------------X
APPEARANCES:
For Plaintiff:    Marc Henig, Pro Se
                  145 Wright Ave.
                  Deer Park, NY 11729

For Defendant:    No appearances
```

SEYBERT, District Judge:

  Pending before the Court is the pro se Complaint filed by Plaintiff Marc Henig ("Plaintiff"), accompanied by an application to proceed in forma pauperis. The Court grants Plaintiff's request to proceed in forma pauperis pursuant to 28 U.S.C. § 1915(a), and, for the reasons that follow, dismisses the Complaint pursuant to Rule 12(h)(3) of the Federal Rules of Civil Procedure.

## BACKGROUND

  In his sparse, handwritten, one page Complaint, Plaintiff alleges that he resides and pays taxes to the Town of Babylon and in 2007, he was "accused of having a 2 family house" even though he went to court and they "deemed my house a 1 family house." (Compl. 1.) Plaintiff alleges that he has had to pay the $3,500 two family house "garbage tax for the 1 year[,]" and Plaintiff seeks $3,500 in

damages. (Compl. at 1).

DISCUSSION

I. Standard of Review

Courts are obliged to construe the pleadings of a pro se plaintiff liberally. Sealed Plaintiff v. Sealed Defendant, 537 F.3d 185, 191 (2d Cir. 2008); McEachin v. McGuinnis, 357 F.3d 197, 200 (2d Cir. 2004). If a liberal reading of the complaint "gives any indication that a valid claim might be stated," courts must grant leave to amend the complaint. See Cuoco v. Moritsugu, 222 F.3d 99, 112 (2d Cir. 2000).

II. Subject Matter Jurisdiction

Notwithstanding the liberal pleading standard afforded pro se litigants, federal courts are courts of limited jurisdiction and may not preside over cases if they lack subject matter jurisdiction. Lyndonville Sav. Bank & Trust Co. v. Lussier, 211 F.3d 697, 700-01 (2d Cir. 2000). Unlike lack of personal jurisdiction, lack of subject matter jurisdiction cannot be waived and may be raised at any time by a party or by the Court sua sponte. Id. If subject matter jurisdiction is lacking, the action must be dismissed. Id. at 700-01; FED. R. CIV. P. 12(h)(3).

The basic statutory grants of subject matter jurisdiction are contained in 28 U.S.C. §§ 1331 and 1332. Arbaugh v. Y & H Corp., 546 U.S. 500, 513, 126 S. Ct. 1235, 163 L. Ed. 2d 1097

(2006). Section 1331 provides federal question jurisdiction, and Section 1332 jurisdiction is based on diversity of citizenship. Id. A plaintiff properly invokes § 1332 jurisdiction when he presents a claim between parties of complete diverse citizenship and the amount in controversy exceeds $75,000. Id.

"A plaintiff properly invokes § 1331 jurisdiction when he pleads a colorable claim 'arising under' the Constitution or laws of the United States." Arbaugh, 546 U.S. at 513. A claim alleging federal question jurisdiction "may be dismissed for want of subject matter jurisdiction if it is not colorable, i.e., if it is 'immaterial and made solely for the purpose of obtaining jurisdiction' or is 'wholly insubstantial and frivolous.'" Id. at 513, n.10. Courts hold pro se complaints "to less stringent standards than formal pleadings drafted by lawyers," Hughes v. Rowe, 449 U.S. 5, 9, 101 S. Ct. 173, 66 L. Ed. 2d 163 (1980); however, even pro se plaintiffs must establish subject matter jurisdiction. See, e.g., Rene v. Citibank, N.A., 32 F. Supp. 2d 539, 541-42 (E.D.N.Y. 1999) (dismissing pro se complaint for lack of subject matter jurisdiction).

In this case, Plaintiff and Defendant reside in New York, and the amount in controversy is $3,500, well under the $75,000 threshold. 28 U.S.C. § 1332. Therefore, the Court cannot exercise diversity jurisdiction over this case. Additionally, Plaintiff

provides no basis from which federal subject matter jurisdiction may be established. In sum, Plaintiff's claims, as alleged and liberally construed, fail to provide this Court with subject matter jurisdiction. Accordingly, the Court dismisses Plaintiff's case without prejudice. Plaintiff is able to pursue any valid claims in state court or amend so as to establish jurisdiction here. The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this Order would not be taken in good faith and therefore <u>in forma pauperis</u> status is denied for purpose of an appeal. <u>See Coppedge v. United States</u>, 369 U.S. 438, 444-45, 82 S. Ct. 917, 8 L. Ed. 2d 21 (1962). If Plaintiff wishes to amend, he must do so by April 30, 2010, otherwise, the Complaint will be dismissed with prejudice, and the case will be closed.

                                SO ORDERED.

                                /s/ JOANNA SEYBERT
                                Joanna Seybert, U.S.D.J.

Dated:     March   18  , 2010
            Central Islip, New York